**WO**                    NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| CVS Health Corporation, *et al.*, | No. MC-15-00093-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Vividus LLC, *et al.*, | |
| Defendants. | |

At issue is Vividus LLC and HMX Services LLC's[1] petition seeking enforcement of a Subpoena *Duces Tecum* issued in the underlying arbitration matter between them and CVS Health Corporation, Caremark LLC, and Caremark PCS LLC ("CVS/Caremark"). (Doc. 1, Pet.; *see CVS Health Corp., Caremark, LLC and Caremark PCS, LLC v. Vividus, LLC f/k/a HM Compounding Services, LLC, and HMX Services, LLC d/b/a HM Compounding*, Case No.: 01-14-0002-0801 (the "Arizona Arbitration").) The arbitration panel in the Arizona Arbitration issued the Subpoena at issue to Express Scripts, Inc. (Express Scripts), a non-party in the Arizona Arbitration. In the matter now before the Court, HMC are the Petitioners. Express Scripts, as the Respondent, has submitted a Response in opposition to HMC's request seeking enforcement of Subpoena (Doc. 18, Resp.), to which HMC filed a Reply (Doc. 20).

---

[1] The Court refers to Vividus, LLC, formerly known as HM Compounding Services, LLC, and HMX Services, LLC, doing business as HM Compounding, collectively as "HMC."

## I. BACKGROUND

In 2014, HMC filed an action against Express Scripts, CVS/Caremark, and other pharmacy benefit managers in New York state court, which Defendants removed to the United States District Court for the Eastern District of New York. The court ordered that HMC's claims against CVS/Caremark be submitted to arbitration pursuant to HMC's contract with CVS/Caremark, which became the Arizona Arbitration, and HMC's claims against Express Scripts be severed and transferred to the United States District Court for the Eastern District of Missouri in accordance with HMC's contract with Express Scripts.

In the HMC and Express Scripts action in the Eastern District of Missouri, the parties stipulated to a protective order that the court entered. Under the protective order, both parties may designate materials as "Confidential" under certain circumstances. Confidential information may only be disclosed to the issuing court, the parties and their attorneys, and other parties involved in that litigation.

In the Arizona Arbitration, the arbitration panel issued the Subpoena at issue to Express Scripts on December 14, 2015. The Subpoena requires that Express Scripts produce "[a]ny and all documents produced or to be produced in response to Plaintiffs HM Compounding Services, LLC and HMX Services, LLC's First Request for Production of Documents Directed to Defendant Express Scripts, Inc. [in the Eastern District of Missouri litigation] dated September 4, 2015." (Pet. 1-4 at 1.) The Subpoena requires that the documents be produced for inspection by HMC's counsel at its offices in Miami, Florida.

HMC now petitions this Court to order Express Scripts to respond to the Subpoena by "produc[ing] the documents or assert[ing] whatever legal objections it may have" before this Court. (Pet. at 4.) The Court has jurisdiction over this matter because the arbitrators in the underlying matter sit within the United States District Court for the District of Arizona. *See* 9 U.S.C. § 7.[2]

---

[2] "[I]f any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt

## II. ANALYSIS

The Federal Arbitration Act (FAA) provides in part:

> The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person to attend *before them or any of them* as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case.

9 U.S.C. § 7 (emphasis added).

The Ninth Circuit Court of Appeals does not appear to have addressed whether Section 7 of the FAA allows for an arbitrator to order a third/non-party to appear to testify and/or produce documents in conjunction with pre-trial/pre-hearing discovery. *See Golden State Bank v. First-Citizens Bank & Trust Co.*, No. EDCV 10-526-GW (OPX), 2011 WL 13047425, at *5 (C.D. Cal. July 7, 2011). Other federal courts that have considered the issue disagree as to whether arbitrators have such authority. The Second and Third Circuits have held that the FAA does not grant an arbitrator authority to order non-parties to appear at depositions or provide the litigating parties with documents during pre-hearing discovery. *Life Receivables Trust v. Syndicate 102 at Lloyd's of London,* 549 F.3d 210, 216–17 (2d Cir. 2008); *Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 410 (3rd Cir. 2004). The Fourth Circuit has noted that an arbitrator may be able to subpoena a non-party for pre-hearing discovery "under unusual circumstances" and "upon a showing of special need or hardship." *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 275–76 (4th Cir. 1999). Finally, the Sixth and Eighth Circuits have held that implicit in the FAA's provision allowing an arbitrator to compel the production of documents for purposes of the hearing is the authority to compel such for inspection by a party prior to the hearing. *In re Sec. Life Ins. Co.*, 228 F.3d 865, 870–71 (8th Cir. 2000); *Am. Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV (New World Commc'ns of Detroit, Inc.)*, 164 F.3d 1004, 1009 (6th Cir. 1999).

"The preeminent canon of statutory interpretation requires us to presume that the

---

in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States." 9 U.S.C. § 7.

legislature says in a statute what it means and means in a statute what it says there." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (internal quotations omitted). "Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *Id.*; *see also U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1128 (9th Cir. 2015). Section 7 of the FAA provides an arbitrator authority to summon "any person to attend before them or any of them as a witness and in a proper case to bring with him or them" any material evidence in the case. While the statute unambiguously gives an arbitrator authority to compel a non-party to provide document discovery during a hearing, it does not mention pre-hearing discovery. It also does not state that an arbitrator may compel discovery outside the presence of an arbitrator. The plain terms of the statute restrict an arbitrator's subpoena power to situations where the non-party has been called to appear in the physical presence of the arbitrators and provide the relevant documents at that time. *Hay*, 360 F.3d at 407. In the absence of Ninth Circuit case law expanding the apparent scope of Section 7 of the FAA, the Court follows the plain language of the statute and finds that the arbitrator cannot compel a non-party to provide pre-hearing document discovery outside the presence of an arbitrator. *See* 9 U.S.C. § 7; *Kinetic Concepts, Inc.*, 792 F.3d at 1128. Accordingly, the Subpoena at issue is at odds with Section 7 of the FAA, and the Court will not enforce the Subpoena.

**IT IS THEREFORE ORDERED** denying Vividus LLC and HMX Services LLC's petition seeking enforcement of the Subpoena (Doc. 1).

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter.

Dated this 13th day of June, 2016.

Honorable John J. Tuchi
United States District Judge